# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MELISSA A. BUZBEE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CA 18-0507-MU |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Melissa A. Buzbee brings this action, pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Social Security Act ("the Act). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 16 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 19. Upon consideration of the administrative record, Buzbee's brief, and the

Commissioner's brief,[1] it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

## I. PROCEDURAL HISTORY

Buzbee applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423 - 425, on or about October 19, 2015, alleging disability beginning on July 16, 2012. (Tr. 173-76). Her application was denied at the initial level of administrative review on November 24, 2015. (Tr. 103-07). On January 6, 2016, Buzbee requested a hearing by an Administrative Law Judge (ALJ). (Tr. 108-09). After a hearing was held on August 14, 2017, the ALJ issued an unfavorable decision finding that Buzbee was not under a disability from July 16, 2012 through the date last insured, December 31, 2016. (Tr. 15-29). Buzbee appealed the ALJ's decision to the Appeals Council, and, on October 16, 2018, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5).

After exhausting her administrative remedies, Buzbee sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g). (Doc. 1). The Commissioner filed an answer and the social security transcript on March 21, 2019. (Docs. 10, 11). Both parties filed briefs setting forth their respective positions. (Docs. 12, 13). Oral argument was waived. (Doc. 15). The case is now ripe for decision.

---

[1] The parties waived oral argument in this case. (Docs. 15, 18).
[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 16. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

## II. CLAIM ON APPEAL

Buzbee alleges that the ALJ's decision to deny her benefits is in error because the ALJ erred by failing to evaluate her testimony regarding her pain under SSR 16-3p and failing to consider all of the factors set forth in 20 C.F.R. 404.1529(c)(3). (Doc. 12 at pp. 1-2).

## III. BACKGROUND FACTS

Buzbee was born on November 22, 1971 and was almost 44 years old at the time she filed her claim for benefits. (Tr. 39, 173). Buzbee initially alleged disability due to pinched nerves, herniated discs in her cervical and lumbar spine, numbness and shaking in her hands, severe headaches, vomiting, swelling in her stomach, panic attacks, and anxiety. (Tr. 189). She graduated from high school in 1990. (Tr. 190). She has worked at a hotel as a housekeeper, front desk clerk, and breakfast bar attendant, at a car wash as a greeter, washer, and detailer, and as a machine operator at a paper file folder factory. (Tr. 14-44). She has not worked since 2012. (Tr. 45). In her Function Report, Buzbee stated that she can longer do most of the things she used to do, such as work, sports, cleaning, yard work, vacation, and taking care of herself and her kids. (Tr. 207). She stated that she can't wash her hair daily, cannot style her hair, can only prepare meals in the microwave or slow cooker, can do a weekly load of laundry with breaks, can wash dishes most days, can clean her bathroom one time per week, can only drive if necessary, but usually doesn't go anywhere, and can grocery shop three to five times per month for 15 to 30 minutes. She spends her time listening to music, watching television, writing, stretching, talking with her family, and napping. (Tr. 206-11). She testified at the hearing that she can feed, bathe, and groom herself most days,

3

but on her bad days she stays in bed all day. (Tr. 73). According to Buzbee, she has about three bad days a week where she stays in bed and on those days her pain is an eight to nine. (Tr. 78-79). She stated that, even on a typical day, she lays down for an hour at a time several times a day. (Tr. 71). She testified that she has a driver's license but does not drive as much as before because of shaking in her legs. (Tr. 40). She is able to pay bills, count change, handle a savings account, and use a checkbook. (Tr. 399).

## IV. ALJ'S DECISION

After conducting a hearing on August 14, 2017, the ALJ made a determination that Buzbee had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 15-29). The findings set forth by the ALJ in his January 10, 2018 decision that are relevant to the claim on appeal are set forth herein.

## V. DISCUSSION

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

4

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm

"[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

As set forth above, Buzbee has asserted that the Commissioner's decision to deny her benefits is in error because the ALJ failed to evaluate her testimony regarding her pain under SSR 16-3p and failed to consider all of the factors set forth in 20 C.F.R. 404.1529(c)(3). (Doc. 12 at pp. 1-2). After reviewing and weighing the medical evidence, the Function Report completed by Buzbee, and the other evidence of record and conducting a hearing, the ALJ found that Buzbee had severe impairments of "degenerative disc disease in the back and neck; bursitis of the hips; sciatica; irritable bowel syndrome and sphincter of Oddi dysfunction with abdominal pain; and migraine headaches" but did not have an impairment or combination of impairments that met or equaled one of the listed impairments. (Tr. 17-19). The ALJ then found Buzbee to have the RFC to perform light work, with certain limitations, set forth as follows:

> **… lift /or carry twenty pounds occasionally; lift and/or carry ten pounds frequently; frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; and frequently balance, stoop, kneel, crouch, and crawl. The claimant can occasionally work at unprotected heights, around moving mechanical parts, and in extreme cold.**

(Tr. 19-20). At steps four and five, the ALJ found that Buzbee was unable to perform any past relevant work through the date last insured, but that there were a significant number of other jobs in the national economy that she could perform considering her age, education, work experience, and RFC. (Tr. 27).

Buzbee alleges that the ALJ failed to properly evaluate her testimony regarding her pain under SSR 16-3p and failed to consider all of the factors set forth in 20 C.F.R.

6

404.1529(c)(3). (Doc. 12 at pp. 1-2). In evaluating a claimant's subjective complaints of pain or other symptoms, an ALJ undertakes a two-step process. *See* 20 C.F.R. § 404.1529. First, the ALJ determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 404.1529(b). Second, the ALJ evaluates the "intensity and persistence" of the symptoms and determines the extent to which the symptoms limit the ability to perform work-related activities. 20 C.F.R. § 404.1529(c). In evaluating the intensity and persistence of a claimant's symptoms, the ALJ is to consider all available evidence from the claimant's medical sources and nonmedical sources about how the symptoms affect the claimant. *Id.* The factors relevant to the claimant's symptoms that the ALJ should consider include daily activities; the location, duration, frequency, and intensity of the claimant's pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain; other treatment the claimant has received for relief of pain; any other measures used to relieve pain; and any other factors concerning the claimant's functional limitations due to pain. *Id.* A claimant's symptoms, such as pain, will be determined to diminish the capacity for basic work activities to the extent that the alleged functional limitations due to pain can reasonably be accepted as consistent with the objective medical evidence and other evidence. *Id.*

Here, the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 20). Buzbee argues that the ALJ did not properly evaluate her testimony regarding

her pain under SSR 16-3p, failed to consider all of the factors set forth in 20 CFR 404.1529(c)(3), and minimized some of the objective findings. (Doc. 12 at pp. 3-5). Buzbee essentially alleges that the ALJ failed to specifically describe her subjective testimony in his decision and minimized the orthopaedic findings from an August 2015 examination. With regard to her statements regarding her pain and its effects, the ALJ stated:

> The undersigned has thoroughly considered the statement of the claimant referenced in Exhibit B9E, as well as her Function Report, Headache Questionnaire, and Fatigue Questionnaire (Exhibits B4E, B5E, and B3E). However, the undersigned finds that statements made by the claimant in those reports about the *frequency, severity, and extent of her alleged symptoms and resulting limitations* were not entirely supported or corroborated by the overall, objective record and, thus, were given partial weight.

(Tr. 20).

The ALJ then reviewed her medical records. Of significance, he noted that Dr. Canale, who treated her in November 2012, December 2012, and August 2013, noted the lack of objective findings and lack of correlation between some of her symptoms and her purported back pain. (Tr. 21, 543). When she visited Dr. Canale in August of 2013, he noted that she had apparently been doing yard work over the weekend. (Tr. 21, 265). He also noted that imaging in February of 2014 of the right shoulder, right knee, right hip, right foot, lumbar spine, and cervical spine were negative. (Tr. 21). He discussed the results of her MRIs of the cervical and lumbar spine in March of 2014, which showed some mild or moderate narrowing at C5, C6, and C7 and a slight right lateral disc protrusion at L5-S1. (Tr. 21). The ALJ reviewed her medical findings and treatment during her visits with Dr. Bose from March of 2014 through August of 2015 and noted that Dr. Bose concluded she was not a candidate for surgical intervention and referred

her to pain management. (Tr. 21-22). He then reviewed her medical records from treatment with Dr. Houston from June 2013 to August 2015, which revealed generally negative objective findings and notations that, even though she complained of pain at visits, she admitted that her pain was relieved on medication, making her more functional with no side effects. (Tr. 22). The ALJ reviewed her records from treatment with Dr. Allen from September of 2015 to June of 2016, which revealed complaints of hip, neck, and lower back pain for which he administered corticosteroid and trigger point injections. (Tr. 22-23). The ALJ noted that Dr. Allen opined that she would not be able to work in any capacity at that time or in the future, but provided no evidence, support, or specific function by function assessments. (Tr. 23). The ALJ also reviewed her medical records regarding her complaints of and treatment for abdominal pain and headaches. (Tr. 25-26). The ALJ concluded that there was no evidence in the record that Buzbee had experienced substantial functional limitations as a result of migraine headaches. (Tr. 26).

After reviewing the medical records, the ALJ specifically stated that "[i]n reaching his determination of liability, [he] fully considered all allegations made by the claimant at her hearing regarding impairments, symptoms, and limitations, including complaints of neck pain, back pain, left hip pain, right foot pain, abdominal pain, and headaches." (Tr. 26). He concluded "that the objective record fails to support the claimant's testimony of considerable limitations particularly regarding sitting, standing, walking, lifting, and carrying" and determined that her "allegations of considerably limited activities of daily living were not supported by or consistent with the overall, objective record which

9

reflected generally normal or minimally abnormal examination findings when treatment was obtained." (*Id.*). In explaining the grounds for his determination, the ALJ also stated:

> The undersigned finds that the objectively demonstrable evidence of record fails to support that the claimant was as impaired as she alleged prior to the expiration of her insured status for Title II benefits. The undersigned notes that no credible physician has opined that the claimant possessed disabling functional limitations as a result of any condition or from any resulting symptoms. The undersigned finds no evidence of record supporting a conclusion that the claimant's impairments would be resistant to either alleviation or control with the proper and regular use of the appropriate prescription medications, as well as adherence to conservative treatment measures and modalities. There is no indication from the record that the claimant was attempted on an array of prescription medications to no avail and that all possible medication choices were exhausted without success. The record additionally contains no evidence of the claimant's ongoing difficulties with side effects of medication, and there is no indication from the record that the claimant was unsuccessfully tried on alternative medications in an attempt to find medications that did not produce adverse effects.
>
> The undersigned finds that there is no objective documentation that the claimant's performance of daily activities has been substantially impaired due to her diagnosed conditions. The undersigned notes that the claimant's clinical examination findings have often been found to be normal or minimally abnormal, and the objective diagnostic evidence of record has not been reflective of impairments that have produced disabling or totally debilitating functional limitations for the claimant. The undersigned recognizes the paucity of medical evidence in this case for complaints surrounding her alleged impairments and finds it reasonable to assume that if the claimant were experiencing difficulties to a disabling degree, she would have presented to her physicians for persistent, regular, and ongoing treatment.
>
> Based on a review of the medical evidence of record, as well as the claimant's testimony at the hearing, the undersigned finds that the preponderance of the evidence contained in the record does not support the claimant's allegations of totally incapacitating pain and other symptomatology and that the claimant's statements regarding the severity, frequency, and duration of her symptoms are overstated. The record fails to document persistent, reliable manifestations of a disabling loss of functional capacity by the claimant resulting from her

> reported symptomatology, and all of the above factors lead the
> undersigned to a conclusion that the claimant's alleged symptoms and
> conditions are not of a disabling degree. After considering the entirety
> of the record, the undersigned concludes that the claimant would not
> be precluded from performing the physical and mental requirements of
> work activity on a regular and sustained basis as set forth in the
> residual functional capacity statement herein.

(Tr. 26-27).

Contrary to Buzbee's argument, the record shows that the ALJ considered Buzbee's daily activities, her statements regarding the location, causation, frequency, and intensity of her pain, her treatment with medication for pain, spasm, stiffness, and/or inflammation and the fact that she received relief form medications and did not experience side effects, and the medical evidence, including, for example, the fact that she either had normal objective tests results or only mild objective findings and that she had conservative and limited treatment. After considering all of the evidence, the ALJ concluded that Buzbee's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with substantial medical evidence and other evidence in the record. The Court finds that the ALJ properly considered a variety of factors as required by the relevant regulations in evaluating Buzbee's subjective complaints and properly supported his credibility determination. Credibility determinations are the province of the ALJ, and this Court cannot "disturb a clearly articulated credibility finding supported by substantial evidence." *See Raices v. Comm'r of Soc. Sec.,* No. 19-12718, 2020 WL 1062132, at *2 (11th Cir. Mar. 5, 2020) (quoting *Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014)).

It is within the province of the ALJ to decide whether the evidence of record supports a claimant's allegations as to his or her symptoms. *See Foote v. Chater*, 67

F.3d 1553, 1562 (11th Cir. 1995). The Court finds that the ALJ properly evaluated the evidence in this case and further finds that the ALJ's conclusion was supported by substantial evidence.

## **CONCLUSION**

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **30th** day of **March, 2020**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**